John P. Gualtieri, J.
This is a claim for $130,000 for land owned by the claimant in Montgomery County and appropriated by the State in 1963 for highway purposes.
The land appropriated was along the railroad right of way of the claimant. It acquired this property prior to 1903 and at that time in the preparation of its property to be used by the railroad, engaged in extensive excavation and rock cutting. The claimant ceased operating this line in 1938. The excavation and rock cutting contributed nothing to the use of the property for 25 years. The railroad operation was abandoned in that year and has never been revived; and there is no evidence whatsoever that there was at the time of the appropriation any probability or likelihood that the property would ever be used for railroad purposes again.
*982 It is the contention of the claimant that it is entitled to be paid the sum of $71,723 in connection with Parcel Nos. 50, 46 and 35, the amount which the State would have had to expend for the rock and earth excavation when it acquired the property for highway purposes. It is the position of the claimant that under the constitutional and statutory mandates of just compensation it is entitled to be thus paid because the State has saved this amount of money by using the former railroad bed and right of way in connection with its new highway construction.
The court cannot accept this theory of damages. The railroad had been abandoned and unused since 1938. It had no market value except as hereinafter indicated. For approximately 25 years claimant had been unable to dispose of its property for the obvious reason that there is no market for abandoned railroad rights of way except that the property or a portion of it could be put to some other use. The fact that this taking benefited the condemnor is no indication of market value and this claimant should not receive a windfall in the way of compensation for its investment in 1903 simply because it may have had some special benefit to the State in- the construction of its highway.
The court feels just compensation requires the State to pay the market value of the property taken from the claimant at the time of the appropriation, no more and no less.
The situation would be different if this had been an operating railroad at the time of the appropriation or if the line had not been permanently abandoned and there was some evidence of the likelihood of the resumption of such use. In that event, claimant would come under the rule of damages governing special types of property like schools, churches and other special-use properties for which the usual market value rules do not apply.
The court was much impressed with the testimony of Colonel L. Alfred Jenny, an elderly gentleman who had spent all of his life in the field of railroad engineering in various parts of the world. By well-developed scientific data he was able to compute the number of cubic feet of both rock and earth excavation that the State would have had to make in 1963 and 1964 when it constructed its highway had that work not already been done by the claimant in 1903. The court feels that the amount of $71,723 has been competently and convincingly established were it to be held that the State had a legal obligation to pay for this element of damage. This, of course, is predicated upon the assumption, for which there is no evidence before the court, *983 that the State Engineers would have so designed the new highway as to require the "same amount of rock and earth excavation.
Upon all the evidence the court finds that the fair market value of the land appropriated by the State at the time of the taking was $8,100. The claim for the rock and earth excavation is rejected for the reasons above stated.